UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                              §
                                    §
                                    §
Ramon L Illa                        §   Case No. 10-19670
Karen S Illa                        §
                                    §
                                    §
                 Debtor(s)          §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]              $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada, Chapter 7 Trustee_____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 10-19670 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Ramon L Illa | | | | Date Filed (f) or Converted (c): | 04/30/2010 (f) |
| | Karen S Illa | | | | 341(a) Meeting Date: | 06/23/2010 |
| For Period Ending: | 11/14/2014 | | | | Claims Bar Date: | 02/21/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2025 Tuscany Lane, Romeoville, Il | 193,000.00 | 0.00 | | 0.00 | FA |
| 2. Checking Account With Tcf | 1,600.00 | 0.00 | | 0.00 | FA |
| 3. Savings Account With Motorola Employees Credit Union | 1,600.00 | 0.00 | | 0.00 | FA |
| 4. Misc Used Household Goods | 900.00 | 0.00 | | 0.00 | FA |
| 5. Used Clothing | 400.00 | 0.00 | | 0.00 | FA |
| 6. Term Life Insurance Through Employer - No Current Cash Value | 0.00 | 0.00 | | 0.00 | FA |
| 7. 2005 Ford Escape With 70K Miles | 5,000.00 | 0.00 | | 0.00 | FA |
| 8. 1995 Jeep Cherokee - Paid In Full | 1,200.00 | 0.00 | | 0.00 | FA |
| 9. Real Estate (u) | 0.00 | 0.00 | | 50,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

|   |   |   |   |   |
| --- | --- | --- | --- | --- |
|   |   |   |   | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $203,700.00 | $0.00 | $50,000.00 | $0.00 |
|   |   |   |   | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Assigned case after UST notified that debtor had unscheduled real estate; Debtor waived discharge; Trustee hiring broker/real estate attorney to sell property.

Real estate sold; Hiring accountant for estate to prepare Federal and state tax returns; Awaiting confirmation from title company that real estate property taxes have been paid - Joji Takada 2/11/2014

RE PROP #     9   --   9426 South Parnell, Chicago, Illinois

Initial Projected Date of Final Report (TFR): 12/01/2014      Current Projected Date of Final Report (TFR): 12/01/2014

## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 10-19670  
Case Name: Ramon L Illa  
Karen S Illa  
Taxpayer ID No: XX-XXX0668  
For Period Ending: 11/14/2014  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX8106  
Checking  
Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/11/14 | | Greater Illinois Title Company | Proceeds from sale | | | $28,050.12 | | $28,050.12 |
| | | | Gross Receipts | $50,000.00 | | | | |
| | | Repair Credit to Buyer | Credit to Buyer | ($3,000.00) | 2500-000 | | | |
| | | Real Estate Broker Commission | Real estate broker commission payment | ($3,500.00) | 3510-000 | | | |
| | | RL Plumbing | Title closing costs and expenses | ($250.00) | 2420-000 | | | |
| | | County Property Taxes | Real estate taxes | ($1,765.36) | 2500-000 | | | |
| | | Title, Settlement and Closing Charges | Title closing costs and expenses | ($2,850.50) | 2500-000 | | | |
| | | Paul Alfassa | Attorneys Fees | ($1,084.00) | 3210-000 | | | |
| | | Water Certification | Title closing costs and expenses | ($2,269.76) | 2500-000 | | | |
| | | County Property Tax Indemnity | Real estate taxes | ($7,230.26) | 2500-000 | | | |
| | 9 | | Real Estate | $50,000.00 | 1210-000 | | | |
| 03/05/14 | 100001 | Clerk, U.S. Bankruptcy Court 219 S. Dearborn Chicago, IL 60604 | Administrative Expense Deferred filing fee | | 2700-000 | | $176.00 | $27,874.12 |
| 03/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $14.79 | $27,859.33 |
| 04/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $41.51 | $27,817.82 |
| 04/09/14 | | Greater Illinois Title Company | Proceeds from sale Reversal Return of escrow monies held by title company re real estate taxes | | 1210-000 | $2,000.00 | | $29,817.82 |
| 04/09/14 | | Greater Illinois Title Company | Real estate broker commission payment Real estate tax escrow funds from title company | | 2990-000 | | ($2,000.00) | $31,817.82 |

Page Subtotals:   $30,050.12   ($1,767.70)

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 10-19670 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Ramon L Illa | Bank Name: The Bank of New York Mellon |
| Karen S Illa | Account Number/CD#: XXXXXX8106 |
| | Checking |
| Taxpayer ID No: XX-XXX0668 | Blanket Bond (per case limit): |
| For Period Ending: 11/14/2014 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/09/14 | 9 | Greater Illinois Title Company | Proceeds from sale Return of escrow monies held by title company re real estate taxes | 1210-000 | ($2,000.00) | | $29,817.82 |
| 05/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $41.94 | $29,775.88 |
| 06/06/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $44.27 | $29,731.61 |
| 07/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $42.78 | $29,688.83 |
| 08/03/14 | 100002 | Callero and Callero LLP 7800 North Milwaukee Avenue Niles, Illinois 60714 Attn: Ryan Matsui | Payment to trustee professional Accountant to estate | 3410-000 | | $991.25 | $28,697.58 |

| | | |
|---|---|---|
| COLUMN TOTALS | $28,050.12 | ($647.46) |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $28,050.12 | ($647.46) |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $28,050.12 | ($647.46) |

Page Subtotals:    ($2,000.00)    $1,120.24

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8106 - Checking | $28,050.12 | ($647.46) | $28,697.58 |
|  | $28,050.12 | ($647.46) | $28,697.58 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $21,949.88 |
|---|---|
| Total Net Deposits: | $28,050.12 |
| Total Gross Receipts: | $50,000.00 |

Page Subtotals:           $0.00           $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 10-19670
Debtor Name: Ramon L Illa
Claims Bar Date: 2/21/2014

Date: November 14, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $5,122.41 | $5,122.41 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $10.29 | $10.29 |
| 100 3410 | Callero and Callero lLP<br>7800 N. Milwaukee Avenue<br>Niles, IL 60714<br>Attn: Ryan Matsui | Administrative | | $0.00 | $991.25 | $991.25 |
| 100 3420 | Callero and Callero lLP<br>7800 N. Milwaukee Avenue<br>Niles, IL 60714<br>Attn: Ryan Matsui | Administrative | | $0.00 | $0.00 | $0.00 |
| 1 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $0.00 | $5,238.18 | $5,238.18 |
| 2 300 7100 | Fsb American Express Bank<br>American Express Bank, Fsb<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $1,055.44 | $1,055.44 |
| 3 300 7100 | American Express Centurion Bank<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $5,089.00 | $5,089.00 |
| 4 300 7100 | American Express Centurion Bank<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $0.00 | $4,628.13 | $4,628.13 |
| 5 300 7100 | American Infosource Lp As Agent For<br>T Mobile/T-Mobile Usa Inc<br>Po Box 248848<br>Oklahoma City, Ok 73124-8848 | Unsecured | | $0.00 | $772.56 | $772.56 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 10-19670     Date: November 14, 2014
Debtor Name: Ramon L Illa
Claims Bar Date: 2/21/2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 6<br>350<br>7200 | Capital One NA<br>c/o Beckett and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | Unsecured | | $0.00 | $187.10 | $187.10 |
| 999<br>8200 | Ramon L Illa and Karen S Illa | Unsecured | | $0.00 | $6,275.94 | $6,275.95 |
| | Case Totals | | | $0.00 | $29,370.30 | $29,370.31 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-19670
Case Name: Ramon L Illa
    Karen S Illa
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand     $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |
| Accountant for Trustee Fees: Callero and Callero lLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____
Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be            percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ | $ | $ |
| 2 | Fsb American Express Bank | $ | $ | $ |
| 3 | American Express Centurion Bank | $ | $ | $ |
| 4 | American Express Centurion Bank | $ | $ | $ |
| 5 | American Infosource Lp As Agent For | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be            percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 6 | Capital One NA | $ | $ | $ |

    Total to be paid to tardy general unsecured creditors    $_____

    Remaining Balance    $_____


    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

    To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of _____% pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $_____. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

    The amount of surplus returned to the debtor after payment of all claims and interest is $_____.